The EKCO PRODUCTS COMPANY, Inc., Plaintiff-Appellee,

v.

CHICAGO METALLIC MANUFACTURING COMPANY, Defendant-Appellant.

No. 14859.

United States Court of Appeals Seventh Circuit.

June 17, 1965.

Dugald S. McDougall and Theodore R. Scott, Chicago, Ill., for defendant-appellant.

Will Freeman, D. D. Allegretti, Robert D. Teichert, and Bair, Freeman & Molinare, Chicago, Ill., of counsel, for plaintiff-appellee.

Before DUFFY and KNOCH, Circuit Judges, and GRANT, District Judge.

DUFFY, Circuit Judge.

The instant suit involves the alleged infringement of United States Patent No. 2,724,526 dated November 22, 1955, and entitled "Tin Plate Baking Pan."

Suit was originally brought by plaintiff for alleged infringements by defendant of four patents, namely, (a) No. 2,687,994, dated August 31, 1954, entitled "Method of Forming an Oxide Coating on Tin"; (b) the patent in the instant case; (c) No. 2,773,817, dated December 11, 1956, entitled "Composite Metal and Articles Thereof", and (d)

No. 2,801,604, dated August 6, 1957, entitled "Processed Drawn Implement." For convenience and brevity, these patents will be referred to as '994, '526, '817 and '604, respectively.

The District Court held that all four patents were invalid and that Patents '994, '526 and '817 were not infringed. An appeal was taken. We reversed the findings of invalidity as to the basic patent, '994, holding the patent was valid and infringed. Ekco Products Co. v. Chicago Metallic Mfg. Co., 7 Cir., 321 F.2d 550.

We also reversed the judgment as to the three derivative patents, and remanded them to the District Court for further consideration in view of the comments made in our opinion. No judgment was rendered in this Court with reference to the merits of the three derivative patents.

After remand, the parties agreed to a consent judgment which was entered on March 16, 1964, adjudging that patents '817 and '604 were valid and infringed, but awarding no damages thereon.

The District Court believed there was no infringement of the patent in suit by defendant, but held that the remarks made in our previous opinion left it with no latitude and, therefore, found that Patent '526 which is involved in this appeal, was valid and had been infringed. We think the District Court was in error in this respect. If we had intended to order a judgment that '526 was infringed, we would have said so as we did with the '994 patent. We intended the District Court should make an independent judicial determination on this point.

The question now before us on this appeal is whether Patent '526 has been infringed by defendant's baking pans. That, in turn, depends on the legal scope of the claims in Patent '526. The structure of defendant's baking pans is not in issue.

The principal patent, '994, was directed to a method of coating a tin surface with an olive-green oxide. We held that method was new and patentable. The instant patent does not relate to a method, but rather to a product.

The record discloses that Ekco tried for years to secure such a product patent. Despite four years of vigorous prosecution, including several interviews with the Examiner the application stood finally rejected by the Patent Office. Until the final amendment, Ekco had claimed its product broadly as a baking pan having a steel base, an overlying layer of iron-tin alloy, a further layer of metallic tin, and a surface layer of olive-green tin oxide. There had been no claim that called for any specific thickness of iron-tin alloy. After the final rejection, Ekco cancelled its previous claims and substituted two claims which were eventually granted in the patent. Therein, the patent monopoly was limited to pans in which the thickness of the iron-tin alloy was "approximately 10 to 15 micro-inches."

It is clear that the patent in suit issued only after Ekco had substituted narrower claims which included an explicit narrow range for the thickness of the alloy. It is, of course, fundamental, that Ekco may not recapture by resort to the doctrine of equivalents or otherwise, any part of what it surrendered by its amendment to its claims.

[2] We recognize that in a situation such as we have before us, a file wrapper estoppel arises only through amendment and cancellation of claims to overcome rejection. We have held that the Court will look no further than to learn whether the patentee was forced to introduce such element to avoid rejection. Taylor-Reed Corp. v. Mennen Food Products, Inc., 7 Cir., 324 F.2d 108, 111.

The rule that governs the question before us is stated in I. T. S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, at page 443, 47 S.Ct. 136, at page 141, 71 L.Ed. 335: "It is well settled that where an application for a patent to cover a new combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element, he cannot after

the issue of the patent broaden his claim by dropping the element which he was compelled to include in order to secure his patent."

Furthermore, a patentee that has narrowed his claim after rejection to secure allowance, is held strictly to the letter of the limited claims granted to him; by his amendment he recognizes the difference between the old claims and the new, and proclaims "his abandonment of all that is embraced in that difference." Union Carbide & Carbon Corp. v. Graver Tank & Mfg. Co., 7 Cir., 196 F.2d 103, 107.

We think that the plaintiff's claims cannot be interpreted to cover baking pans with thicker alloy layers than that recited in its claims, because the proceedings before the Patent Office demonstrate the only difference between baking pans oxide-coated by the anodic method of the '994 patent and those oxide-coated by the prior art "burning-in" method, was a thicker alloy layer in the burned-in pans. In truth, nothing in the '526 claims distinguishes the patented invention from the burned-in pans of the prior art except the recitation requiring the alloy layer to have a thickness of "approximately 10 or 15 microinches."

Plaintiff urges that our holding in Welsh Co. v. Chernivsky, 7 Cir., 342 F.2d 586, is controlling. However, in Welsh, the patentee by amendment added a new element. We held that equivalents were available to the patentee where the prior art showed no single structure having all the claimed elements. By contrast, here, the prior art burned-in pan was a structure wherein all of the elements of the combination were present—the steel base, the alloy layer, the tin layer and the oxide layer. It cannot be disputed that the alloy layer was already included as an element in rejected application claims 28 and 29.

When claims 28 and 29 were replaced with claims 31 and 32 which became claims 1 and 2 of the patent, the thickness of the alloy layer was expressly delimited.

Holding as we do that defendant did not infringe Patent in suit, No. 2,724,526, the judgment of the District Court to the contrary must be and is

Reversed.